IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
EDGAR WHERRY #2004-0094928, )
)
Petitioner, )
)
v. ) No. 05 C 6770
)
DIRECTOR OF COOK COUNTY JAIL )
(COOK COUNTY DEPARTMENT OF )
CORRECTIONS), et al., )
)
Respondents. )

MEMORANDUM OPINION AND ORDER

Edgar Wherry ("Wherry") has submitted a self-prepared Petition for Writ of Habeas Corpus ("Petition") together with an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), with the latter two documents being forms provided by this District Court's Clerk's Office as filled in by Wherry's handwritten entries. Wherry's Petition challenges his confinement at the Cook County Department of Corrections ("County Jail") pending his trial on what he describes as an alleged violation of 720 ILCS 5/12-14.1(a)(1). This memorandum opinion and order will deal with both the procedural and the substantive problems posed by Wherry's filings.

First, Wherry asks for relief under two statutes--28 U.S.C. §§2241 and 2254.[1] It is uncertain whether Wherry's pretrial

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

detention at the County Jail qualifies as "being in custody pursuant to the _judgment_ of a State court" (Section 2254(a), with emphasis added), while Section 2241(c)(3) specifically extends to prisoners "in custody in violation of the Constitution...of the United States," as Wherry claims to be the case. Accordingly this opinion will view Wherry's claims through the lenses provided by both statutes as well as by the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").

Next, Wherry has not coupled his Application with a certified copy of his trust fund account statement at the County Jail as is required by Section 1915(a)(2), even though the Application form expressly notifies each applicant of that requirement and provides a place for a related financial certification by the custodial institution. This Court will not, however, require Wherry to comply with that requirement, because the filing fee for a federal habeas petition is only $5, rather than the $250 fee required for other civil actions. It would be truly surprising if Wherry, despite his showing of poverty, could not meet that modest requirement, and this Court therefore orders him to transmit that amount to the Clerk of Court at the following address on or before December 23, 2005 (with his check or money order to refer to Case No. 05 C 6770, so that the payment will be properly credited):

Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago IL 60604

Attention: Fiscal Department

As for the Petition itself, Wherry obviously labors under the misapprehension that the federal court system provides a haven of first resort rather than last resort for someone in state custody who claims that his federal constitutional rights have been violated. To the contrary, Section 2254(b)(1) prohibits the granting of federal habeas relief "unless it appears that...the applicant has exhausted the remedies available in the courts of the State," and Section 2241 similarly requires the exhaustion of state remedies before an applicant may turn to the federal courts for relief.

Nothing in the Petition reflects that Wherry's claims of federal constitutional deprivation have ever been presented to the state court system for determination, as they must be in the first instance, let alone containing the required showing that he has exhausted the remedies available there. In the words of Section 2254 Rule 4,[2] then, "it plainly appears from the petition... that the petitioner is not entitled to relief in the district court," so that the same Rule mandates the dismissal of

---

[2] Section 2254 Rule 1(b) authorizes this Court to apply the Section 2254 Rules to habeas petitions brought under Section 2241. It does so here.

the Petition and this action. This Court so orders.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: December 1, 2005

---

[3] Such dismissal of the Petition and this action of course renders the Motion moot, and it is denied on that ground.